UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  12-20046 |
| | ) | |
| | ) | |
| | ) | |
| JOSEPH S. DENO, | ) | |
| Defendant | ) | |

SENTENCING COMMENTARY

Now comes the defendant by his attorney, Lawrence S. Beaumont, and hereby respectfully submits the following as his sentencing position:

1.  The defendant is currently scheduled for sentencing before this court on January 9, 2014 at 3:00pm.

2.  The pre-sentence report calls for an adjusted offense level of 20 after following the government's objection to the original report.  The defendant has advised the Probation Officer and now advises this Court that he has no objections to the report based upon the government's calculations which were adopted by the Probation Officer.

I.  **Sentencing Request**

Mr. Joseph Deno, is a 66 year-old male born in Kankakee, Illinois. He is married and retired.  He raised his children in Kankakee.  He operated a waste removal business for which he held a contract with the City of Kankakee for a number of years.  He has been and still is involved with many civic and charitable organizations.  As will be further demonstrated at the sentencing hearing, Mr. Deno has contributed significant time

and effort in bettering his community primarily by providing assistance to the local Catholic High School. Mr. Deno has always believed that if he could help youngsters excel in their education and return to Kankakee after college, the community would strongly benefit. Mr. Deno will present the court with several "character" witnesses who will advise the Court that Mr. Deno holds an outstanding reputation in the community. In addition, under a separate filing, Mr. Deno has approximately 50 character letters previously written to the Court.

Mr. Deno fully understands he made a huge misjudgment when he decided to under report his income to the Government. He is deeply remorseful for this conduct and has expressed such remorse to his attorney and friends and family.

However, it should also be noted the defendant immediately paid the entire amount of tax due and owing in addition to interest and penalties at the very beginning of this investigation. He also pleaded guilty in this case immediately and has been cooperating with government agents since that time. While his efforts on behalf of the government did not lead to any actual charges of criminal conduct, Mr. Deno believes the government will acknowledge that he made an absolute good faith effort on the government's behalf.

Mr. Deno is a veteran having served in the military during the Vietnam Era. Although he was not sent to Vietnam, he was certainly willing to risk his life for his country. Nevertheless, he did suffer emotional trauma when he returned from the military as a result of the turbulent times during the Vietnam Era and the way soldiers were treated by some members of the public at the time. For example, he was heckled and spat upon at airports when he came home.

Mr. Deno developed a strong sense of community and devoted the remainder of his life to supporting the Kankakee Community. His tax violations, while obviously

serious and the result of terrible judgment on his part, simply to not define him as a person. His many character letters and witnesses should make that clear. He is a good man who has made serious mistakes. The embarrassment he has suffered since the beginning of the prosecution has made an indelible imprint on his psyche. He is remorseful and has already been rehabilitated.

## II.    Legal Standard

The Supreme Court and Congress require the district court to sentence in accordance with 18 U.S.C. § 3553(a). *Rita*, 127 S.Ct. at 2469 (explaining that district judges are required "to filter the Guidelines' general advice through 3553(a)'s list of factors"); *Booker*, 543 U.S. at 259-60; *see also United States v. Wachowiak*, 2007 U.S. App. LEXIS 18234, at *9-10 (7th Cir. Aug. 1, 2007) (holding that after *Booker*, the Guidelines are advisory, but application of § 3553(a) is mandatory). The Supreme Court held in *Rita* that sentencing judges are required "to 'impose a sentence sufficient, but not greater than necessary, to comply with' the basic aims of sentencing" in § 3553(a). *Rita*, 127 F.3d at 2463. This is known as 3553(a)'s parsimony provision, and it serves "as the guidepost for sentencing decisions post-*Booker*." *United States v. Ferguson*, 456 F.3d 660, 667 (6th Cir. 2006). The purposes of sentencing include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
- to create adequate deterrence;
- to protect the public from future crimes of the defendant; and
- to provide the defendant with necessary treatment and training.

18 U.S.C. § 3553(a)(2); *Booker*, 543 U.S. at 260. Section 3553(a)(1) directs sentencing courts to also consider the nature and circumstances of the offense and the history and characteristics of the defendant.

In *Rita*, the Supreme Court forbade district courts from according a presumption of reasonableness to the Guidelines. *Rita*, 127 S.Ct. at 2465 ("The sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply."). The Seventh Circuit has likewise held that district court judges are not "permitted . . . to presume that a sentence within the Guideline range is the correct sentence," *United States v. Demaree*, 459 F.3d 791, 794 (7th Cir. 2007), and that district courts "must sentence based on § 3553(a) without any thumb on the scale favoring a guideline sentence," *United States v. Sachsenmaier*, 2007 U.S. App. LEXIS 15346, at * 11-12 (7th Cir. June 28, 2007). Moreover, the Supreme Court has held that appellate courts may not adopt a presumption of unreasonableness for sentences outside the advisory Guideline range. *Rita*, 127 S.Ct. at 2467; *see also Wachowiak*, 2007 U.S. App. LEXIS 18234, at *14 ("That a within-guidelines sentence is presumed reasonable on appeal does not mean that a sentence outside the range is presumptively unreasonable.").

District court judges have broad discretion to sentence below the advisory guideline range. *See, e.g.*, *Wachowiak*, 2007 U.S. App. LEXIS 18234, at *19-20 ("We will not substitute our judgment for that of the sentencing court. . . . As with other discretionary decisions, the district court is institutionally better situated to make individualized sentencing judgments than an appellate panel."); *United States v. Ngatia*, 477 F.3d 496, 501-02 (7th Cir. 2007) ("[T]he district court's choice of sentence, whether inside or outside the guideline range, is discretionary and subject therefore to only light appellate review."). In fact, a district court judge's "freedom to impose a reasonable sentence outside the range is unfettered," *United States v. Demaree*, 459 F.3d 791, 795

(7th Cir. 2007), and the Seventh Circuit will scrutinize a district court's refusal to grant a reduction below the range, *United States v. Vaughn*, 433 F.3d 917, 924 (7th Cir. 2006).

After *Booker*, matters having no effect on the calculation of the guidelines range are relevant only to the extent they affect the reasonableness of the sentence imposed. *See United States v. Vaughn*, 433 F.3d 917, 923-24 (7th Cir.2006). The Supreme Court in *Rita* emphasized that a district court may sentence below the guideline range if it determines that "the Guidelines sentence should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless." *Rita*, 127 S.Ct. at 2465 (citations omitted). The Seventh Circuit confirms that a sentence below the advisory guideline range is appropriate as long as the reasons for selecting that sentence "are rooted in § 3553(a), sufficiently individualized to the circumstances of [the] case, and generally associated with sentencing leniency." *Wachowiak*, 2007 U.S. App. LEXIS 18234, at *2. A below-guideline sentence will be deemed reasonable on appeal if "the sentencing judge has given meaningful consideration to the sentencing factors enumerated in § 3553(a)," *id.* at *12, and if the sentence "is adequately reasoned in light of the § 3553(a) factors," *United States v. Wallace*, 458 F.3d 606, 609 (7th Cir. 2006); *see also United States v. Cunningham*, 429 F.3d 673, 675-76 (7th Cir. 2005). After *Booker*, a district court should place "no limitation" on the information concerning the background, character, and conduct of a person convicted of an offense. 18 U.S.C. § 3661; *Booker*, 125 S.Ct. at 760 (quoting § 3661). In fact, a district court may give previously discouraged or forbidden

sentencing factors "much more weight than the Guidelines themselves would have allowed." *United States v. Rose*, 435 F.3d 735, 737 (7th Cir. 2006). As Justice Stevens recognized in his concurrence in *Rita*, "many individual characteristics . . . are not ordinarily considered under the Guidelines," but are nevertheless "matters that § 3553(a) authorizes the sentencing judge to consider." *Rita*, 127 S.Ct at 2473 (Stevens, J., concurring). Therefore, even if the Guidelines prohibit or limit consideration of a particular fact as the basis for a downward departure, a post-*Booker* sentence reduction based on the same "prohibited" fact is authorized by § 3661, as long as such a reduction furthers one or more of the purposes of sentencing under § 3553(a).

### III.  Joseph Deno's History and Characteristics.

Joseph Deno, is a 64 year-old male who holds a respected place in his community. He has devoted his life since his time in the Service to bettering Kankakee. He has been and still is involved with charitable organizations and has done extensive civic work to improve the local Catholic High School and aid young people in their pursuit of education. He has always believed that educated young people settling in Kankakee will help the community prosper. He has helped young people and less fortunate individuals on countless occasions.

He paid his tax responsibilities immediately. He pleaded guilty immediately. He made himself available to cooperate with the government in their ongoing investigations immediately. He is deeply remorseful for his conduct. The opportunity for forgiveness and redemption is what drives him currently.

### IV.  A Sentence Within the Advisory Guideline Range is Greater Than Necessary to Advance the Goals of Punishment Articulated in 18 U.S.C. § 3553(a).

A sentence of 24 to 30 months, in Mr. Deno's situation is greater than necessary to protect the public, 3553(a)(2)(C); provide just punishment, 3553(a)(2)(A); and provide general deterrence, 3553(a)(2)(B).

**A.      The Guideline Range Significantly Overstates Mr. Deno's Risk of Recidivism under § 3553(a)(2)(C).**

Given Mr. Deno's circumstances and his history, a sentence of 8 months plus a period of home confinement is sufficient to protect the public from any future crimes. Courts have recognized that "a lesser period of sentence is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend." *United States v. Qualls*, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005). Mr. Deno has never been involved with the criminal justice system in the past. He is deeply ashamed for being involved with the criminal justice system now. He knows what he did was both wrong and stupid. When you consider his overall character, it is clear that the tax evasion on his part was very aberrant behavior. He is known for being a very generous and loving man. A sentence of 24 to 30 months is therefore far greater than necessary to protect the public and prevent future crimes under § 3553(a)(2)(C).

**B.      The Guideline Range Is Greater than Necessary to Provide Just Punishment for the Offense and Promote Respect for the Law under § 3553(a)(2)(A).**

After *Booker*, courts must consider "those factors that are unique to an individual defendant . . . that are not taken into account when calculating the guideline range." *United States v. Schmitt*, 2007 U.S. App. LEXIS 18662, at *14 (7th Cir. Aug. 7, 2007). A below-guideline sentence is appropriate if the reasons for that sentence are, "specific to [the defendant] and generally correspond to leniency in sentencing." *Wachowiak*, 2007

U.S. App. LEXIS 18234, at *29. A district court may justify a below-guideline sentence by demonstrating how a particular defendant is different from other defendants who have committed the same crime. *See, e.g.*, *id.* at *28 ("Judge Adelman sufficiently explained why in his judgment, Wachowiak's degree of remorse and his otherwise good character set him apart from more run-of-the-mill child pornography offenders.").

Mr. Deno has expressed deep remorse for his crime and has done everything he can to assist the government in apprehending and prosecuting others who have been involved in corruption. He is a generous man and a devoted family man. Numerous prominent members of his community will speak on his behalf at his sentencing. The circumstances of Mr. Deno's good character, set him apart from the typical tax cheat, and demonstrate that a sentence below the guideline range is sufficient but not greater than necessary to provide just punishment and promote respect for the law.

Mr. Deno's good character and his willingness to immediately make up for his mistakes by immediately paying back all of the tax due and owing are facts that are not taken into account by the guidelines. "[W]hile 3553(a) requires the court to consider the character of the defendant, the guidelines account only for criminal history," which is generally an aggravating offender characteristic. *Wachowiak*, 412 F. Supp. at 963 (explaining that "[t]he guidelines failed to consider the defendant's outstanding character, as depicted in the many supportive letters"). The Seventh Circuit has upheld below-guideline sentences that were based in part on the lower court's consideration of the defendant's positive character traits. *See, e.g.*, *United States v. Wachowiak*, 2007 U.S. App. LEXIS 18234, at *27-28; *United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006) (explaining that a court may consider positive offender characteristics under § 3553(a)(1)

in meting out a below-guideline sentence). "In cases where the defendant led an otherwise praiseworthy life, the court should consider a sentence below the advisory range." *Wachowiak*, 412 F. Supp. 2d at 963. Mr. Deno has otherwise led a praiseworthy life.

Mr. Deno's willingness to assist the government immediately would seem to strongly suggest to a lesser than called for by the guidelines sentence.

### C. A Sentence Within the Guideline Range is Greater Than Necessary to Afford Adequate Deterrence to Criminal Conduct Under § 3553(a)(2)(B).

Section 3553(a)(2)(B) requires the Court to impose a sentence that "adequate[ly]" deters others from distributing drugs. Although obviously serious in nature, in the instant case, the defendant immediately paid back the tax, immediately pleaded guilty and immediately began assisting the government. His witnesses and character letters will show the Court that his criminal activity was aberrant. He has been and continues to be a generous man with a strong sense of community. He wants a chance to move forward with his life and achieve redemption. He is deeply remorseful and ashamed for his conduct. However, the people who truly know him will, will show the Court that this criminal activity does not define him.

### V. Conclusion

For the foregoing reasons, Mr. Deno respectfully requests that the Court impose a sentence 8 months incarceration to be followed by home confinement. Such a sentence does not create an unwarranted disparity under 3553(a)(6), because the particular facts of this case and justify a variance from the guideline range. *See Wachowiak*, 412 F. Supp. at 966.

WHEREFORE, the defendant respectfully requests this court to sentence Mr. Deno to 9 months incarceration and a period of home incarceration, no fine, and three years of supervised release.

<div style="margin-left: 3em;">

Respectfully submitted,

/s/Lawrence S. Beaumont
Lawrence S. Beaumont
Attorney –at- Law
53 W. Jackson Blvd.
Chicago, Illinois
(312) 765-6000

</div>